IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ALICIA REEZER** | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action Number |
| | ) | CV-99-C-0485-S |
| CITY OF FAIRFIELD, ALABAMA; CITY | ) | |
| OF FAIRFIELD POLICE DEPARTMENT; | ) | |
| LAIRD SHARPE; LARRY KENNON; and | ) | |
| BERNARD WILLIAMS | ) | |
| | ) | |
| *Defendants*. | ) | |

**ENTERED**
**MAR 2 8 2002**

**MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT**

In this case arising under 42 U.S.C. § 1983 ("Section 1983"), 42 U.S.C. §1985 ("Section 1985") and various state laws of Alabama, Defendants have moved for summary judgment. Because of the preclusive effect of the related state court judgment, the motion must be granted.

**I. Facts**

The Court views the evidence in a light most favorable to Plaintiff.

In the afternoon of March 12, 1997, Plaintiff Alicia Reezer, a black female, drove to the Forest Hills Middle School in Fairfield, Alabama, to pick up her eleven-year old son, Micah. Her youngest son, Tevin, accompanied her in the car, not wearing a seatbelt. Defendant Larry Kennon, a police officer employed by Defendant City of Fairfield, was working traffic control at the school that afternoon. As Plaintiff approached the school, Kennon instructed her to pull over. He then asked to see her license. After viewing the license, Kennon made a sexual proposition to Plaintiff. When Plaintiff protested to Kennon that he was harassing her, Kennon gave her a

ticket for her a citation for Tevin's failure to wear a seat belt.

When Kennon handed Plaintiff the traffic citation, words were exchanged. On the following day, Kennon swore out a warrant against Plaintiff for disorderly conduct. In the ensuing trial, Defendant Bernard Williams, also a Fairfield police officer, testified against Plaintiff. Plaintiff was convicted in a trial by jury, and she appealed her conviction to the Alabama Court of Criminal Appeals.

The Alabama Court of Criminal Appeals wrote:

> The appellant, Alicia Norman Reezer, appeals from her conviction of disorderly conduct, a violation of § 13A-11-7(a)(3), Ala. Code 1975. She was sentenced to a suspended sentence of ninety days and ordered to pay a fine of $500.00 plus court costs. . . .
>
> The state produced sufficient evidence that the appellant recklessly created a risk of public inconvenience or annoyance by using profane language in public when, in front of both her children an others who had just gotten out of school, she hung her head out the window of her car and yelled "fucking bastard" at officer Kennon. See § 13A-11-7(a)(3) Ala. Code 1975. . . .
>
> In conclusion, to constitute disorderly conduct there must be an actual or threatened breach of the peace, which in turn means a disturbance of the tranquillity of the people. In this case, it was a question for the jury to determine whether a stream of abusive profanity directed toward a police officer in the presence of others indeed threatened a breach of the peace. We agree with the trial court that sufficient facts were presented from which the trial court jury could reasonably infer that the crime had been committed beyond a reasonable doubt.

*Alicia Norman Reezer v. City of Fairfield,* CR-98-2328 pp. 2, 6 (Ala. Crim. App. 2000)(Slip Opinion attached hereto as Appendix 1).

In her complaint, Plaintiff alleges a violation of Section 1983. She maintains that the Defendants intentionally deprived her of rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution; and that Defendant City of Fairfield failed to train or supervise its employees in violation of Section 1983. She also alleges that Defendants Kennon and Williams conspired to deprive her of her rights in violation of Section 1985. She

further alleges that Defendant abused process by fabricating the charge that she engaged in disorderly conduct. Finally, Plaintiff claims that Kennon invaded her privacy and that all of the Defendants intentionally inflicted emotional harm on her.

All of Plaintiff's claim are based on her prosecution for disorderly conduct.

## II. Applicable Law & Analysis

In the seminal case, *Allen v. McCurry,* 449 U.S. 90 (1980), the United States Supreme Court held that under the Full Faith and Credit Clause of the Constitution, codified as 28 U.S.C. § 1738, a state court judgment has collateral estoppel effect in subsequent litigation under Section 1983. *See Allen v. McCurry,* 449 U.S. 90, 104 (1980).

McCurry, a defendant in a state court criminal proceeding, challenged the admissibility of evidence gained through an allegedly unconstitutional search and seizure. *See id.* at 90. After a suppression hearing, the state court upheld the validity of the search and admitted the seized drugs into evidence. *See id.* at 91. McCurry was convicted. Some time later, McCurry filed an action under Section 1983 for $1 million in damages for conspiracy to violate his Fourth Amendment rights, an unconstitutional search and seizure of his house, and an assault on him by police officers after he had been arrested and handcuffed. *See id.* at 92. The district court granted the Defendants' motion for summary judgment; but its decision was reversed by the Eighth Circuit Court of Appeals, and the case remanded for trial. *See id.* at 93.

The Supreme Court granted certiorari and reversed the Eighth Circuit. For the majority, Justice Stewart wrote:

> Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so:
> > "[J]udicial proceedings [of any court of any State] shall have the same full faith and credit in every court within the United States

and its Territories and Possessions as they have by law or usage in the courts of such State...." 28 U.S.C. § 1738. . . .

The actual basis for the Court of Appeals' holding appears to be a generally framed principle that every person asserting a federal right is entitled to one unencumbered opportunity to litigate that right in a federal district court, regardless of the legal posture in which the legal posture in which the federal claim arises. But the authority for this principle is difficult to discern. It cannot lie in the Constitution, which makes no such guarantee, but leaves the scope of the jurisdiction of the federal district courts to the wisdom of Congress. And no so such authority is to be found in § 1983 itself. For reasons already discussed at length, nothing in the language or legislative history of § 1983 proves any congressional intent to deny binding effect to a state-court judgment or decision when the state court, acting within its proper jurisdiction, has given the parties a full and fair opportunity to litigate federal claims, and thereby shown itself willing and able to protect federal rights. And nothing in the legislative history of § 1983 reveals any purpose to afford less deference to judgments in state criminal proceedings than to those in state civil proceedings. There is, in short, no reason to believe that Congress intended to provide a person claiming a federal right an unrestricted opportunity to relitigate an issue already decided in state court simply because the issue arose in a state court proceeding in which he would rather not have been engaged at all.

499 U.S. at 96, 104-104.

Accordingly, if the judgment in Plaintiff's criminal case would be given preclusive effect by the courts of Alabama, this Court may not entertain the instant action.

The elements of collateral estoppel in Alabama are: "1) issue identical to one involved in previous suit; 2) issue actually litigated in prior action; and 3) resolution of the issue was necessary to the prior judgment." *Parker v. Williams,* 855 F.2d 763, 774 , n.9 (11th Cir.1988)(citing *Wheeler v. First Alabama Bank Birmingham,* 364 So.2d 1190, 1199 (Ala.1978)).

It is clear that in the courts of Alabama, Plaintiff would be precluded from pursuing the claims asserted in this case. All of Plaintiff's claims are premised on the notion that she is not guilty of disorderly conduct. The Alabama Court of Criminal Appeals has adjudicated otherwise. The issue decided by the Court of Criminal Appeals is obviously involved in this case, the issue

was actually litigated in the courts of Alabama, and resolution of the validity of the disorderly conduct charge was necessary to the judgment by the Court of Criminal Appeals.

The judgment of that state court is therefore entitled to Full Faith and Credit in this court.

By separate order, Defendants' Motion for Summary judgment will be granted.

DONE this 28th day of March, 2002.

_____
Chief United States District Judge
U.W. Clemon